NIKE INCORPORATED, an Oregon corporation, Plaintiff—
Appellant,

v.

CHAMPION PRODUCTS INCORPORATED, a New York corporation; Aaron K. Goodwin, an individual; A. Goodwin Sports Management Incorporated, a California corporation, Defendants—Appellees.

Nike Incorporated, an Oregon corporation, Plaintiff,

v.

Champion Products Incorporated, a New York corporation, Defendant,

v.

Aaron K. Goodwin, an individual; A. Goodwin Sports Management Incorporated, a California corporation, Third-party-plaintiffs—Appellants,

v.

NBA Properties, Inc., a New York corporation, Third-party-defendant—Appellee.

Nos. 99–35246, 99–35304.
D.C. No. CV–97–00336–ALH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2001.

Decided Jan. 7, 2002.

Before HUG, T.G. NELSON, and GOULD, Circuit Judges.

## MEMORANDUM *

This case involves a contract dispute between NIKE and Champion. NIKE had an exclusive contract with Gary Payton, a professional basketball player. The contract was, however, subject to certain exceptions. Champion argues that those exceptions allowed it to utilize Mr. Payton in some of its advertisements. The district court granted summary judgment in Champion's favor and NIKE appeals. An additional issue on appeal is whether the district court improperly limited NIKE's discovery of Champion's profits. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm. Because the parties are familiar with the factual and procedural history of the case, we do not recount it here except as necessary to explain our decision.

## I. Summary Judgment

The court's decision to grant summary judgment on a contract claim is reviewed de novo. *See Kassbaum v. Steppenwolf Prods, Inc.*, 236 F.3d 487, 491 (9th Cir. 2000) (noting that "[s]ummary judgment is appropriate when the contract terms are clear and unambiguous, even if the parties disagree as to their meanings"). We must determine, viewing all evidence and all reasonable inferences in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact.

Applying the standard of review set forth above, we cannot say, viewing the evidence in the light most favorable to NIKE, that there exist any genuine issues of material fact.

The district court was correct in its interpretation of NIKE's contract with Payton. Oregon follows the "objective theory" of contracts, meaning that courts should not "decide what the parties subjectively intended, but ... give heed only to their communication and overt acts." *Slocum v. Lang*, 132 Or.App. 571, 889 P.2d 379, 381 (1995). In giving meaning to contracts, Oregon law prescribes three steps. First, the court must determine as a matter of law whether the contract terms at issue are ambiguous. If the terms are clear, the court construes the contract as a matter of law. *Banister Continental Corp. v. Northwest Pipeline Corp.*, 76 Or.App. 282, 709 P.2d 1103 (Or.Ct.App.1985). If the terms are ambiguous, however, the court must proceed to the second step where it looks to extrinsic evidence to clear up the ambiguity. *Id.* If no such evidence exists, the third and final step requires the court to interpret the contract using general max-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ims of construction. *Yogman v. Parrott,* 325 Or. 358, 937 P.2d 1019 (Or.1997).

The district court correctly stopped at the first step, finding that the contract was not ambiguous in allowing Champion to utilize Payton's services. The district court correctly determined that the disputed language in Section 11 objectively meant that NIKE could compel Payton to withdraw from the National Basketball Association players (NBAP) group licensing arrangement as well as any other arrangements he might enter into with the NBAP during the tenure of the NIKE contract, but only by affirmatively exercising this option. Accordingly, since NIKE never used this provision to make Payton withdraw from his licensing activities with NBAP and since the commercials at issue were licensed through NBAP, Champion's use of Payton did not infringe any enforceable right held by NIKE and therefore did not constitute appropriation of likeness.[1]

## II. Discovery Issues

Federal district courts have broad authority to limit discovery and we will reverse such a decision only for an abuse of discretion. *Garneau v. City of Seattle,* 147 F.3d 802, 812 (9th Cir.1998). There was none here.

AFFIRMED.

---

1. Because we find the issue of contract interpretation dispositive, we need not reach Champion's alternative grounds for affirming.

